UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>                Plaintiff,<br><br>    v.<br><br>KEVIN COOK, Kings County Deputy District Attorney, STEVEN NGUYEN, Kings County Deputy District Attorney, and KEITH FAGUNDES, Kings County District Attorney,<br><br>                Defendants. | Case No.: 1:19-cv-01180-AWI-SKO<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION<br><br>ORDER GRANTING LEAVE TO AMEND COMPLAINT<br><br>(Docs. 1, 2) |

**ORDER**

Plaintiff is a prisoner proceeding pro se and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Docs. 1, 2.) Plaintiff's prison trust account statement was filed on November 22, 2019. (Doc. 7.) For the reasons stated below, Plaintiff's motion to proceed *in forma pauperis* is GRANTED, and Plaintiff is granted leave to file a first amended complaint.

**I.    Request to Proceed *In Forma Pauperis***

Plaintiff has made the showing required by § 1915(a) and accordingly, the request to proceed in forma pauperis will be granted. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments

1

in the amount of twenty percent of the preceding month's income credited to Plaintiff's trust account. The California Department of Corrections and Rehabilitation is required to send to the Clerk of Court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening Requirement

### A. Legal Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Persons proceeding pro se are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. United States*

*Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff's complaint alleges claims under 42 U.S.C. § 1983 against Defendants for violations of Plaintiff's First Amendment rights and Fourteenth Amendment due process rights. (Doc. 1 at 7–8.) Defendant Keith Fagundes is the District Attorney of Kings County, California and Defendants Kevin Cook and Steven Nguyen are Deputy District Attorneys. (*Id.* at 6–7.)

Plaintiff alleges that on April 25, 2018, correctional officers at California State Prison-Corcoran, where Plaintiff is incarcerated, assaulted him. (*Id.* at 7.) On May 22, 2018, one of the correctional officers allegedly filed a false complaint with Defendants claiming Plaintiff threatened him. (*Id.* at 8.) On June 4, 2018, Plaintiff demanded that Defendants prosecute him and "give him his right in court" in response to the correctional officer's complaint, but Defendants responded that "a review of their records [did] not reveal any outstanding cases on Plaintiff" that would cause Defendants to prosecute him. (*Id.*)

Believing he would not be prosecuted for his altercation with the correctional officers, Plaintiff then filed civil actions against the correctional officers for assaulting him. (*Id.* at 9.) The civil cases later settled, and with the civil cases resolved, Defendants charged Plaintiff criminally in February 2019 with battery on the correctional officers. (*Id.*) In July 2019, Defendants filed another criminal complaint charging Plaintiff with battery on another correctional officer. (*Id.*) Defendants filed a third criminal complaint charging Plaintiff with threatening the correctional officer who submitted the allegedly false complaint against Plaintiff back in May 2018. (*Id.*)

In the first claim for relief, Plaintiff alleges that Defendants charged and "maliciously prosecuted" him in retaliation for exercising his First Amendment rights by complaining about the

3

correctional officers assaulting Plaintiff and other prisoners, and for filing civil actions against the correctional officers. (*Id.* at 7, 11–12.) In the second claim for relief, Plaintiff alleges that Defendants violated his due process rights by not charging him immediately after he demanded to be charged in June 2018, and instead charging him only after his civil actions against the correctional officers were resolved. (*Id.* at 8, 13.) Plaintiff seeks compensatory damages in the amount of $250,000 and punitive damages in the amount of $250,000. (*Id.* at 14.) Plaintiff also seeks injunctive relief in the form of an "order from the court ordering Defendants . . . to adhere to all California laws and legal regulations of the Constitution." (*Id.*)

### C. Plaintiff's § 1983 Claims Are Not Cognizable as Currently Pleaded

In pertinent part, 42 U.S.C. § 1983 provides that "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." (emphasis added).

Although unclear, it appears that Plaintiff's claims under § 1983 are brought against Defendants in their official capacity. (*See* Doc. 1 at 6–7.) "[S]tate officials sued in their official capacities . . . are not 'persons' within the meaning of § 1983 . . . ." *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, "[t]he Eleventh Amendment bars actions for damages against state officials who are sued in their official capacities in federal court." *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999). By contrast, a state official sued in his official capacity for "prospective injunctive relief" *is* considered a "person" under § 1983, and the Eleventh Amendment does not bar such claims. *See Flint*, 488 F.3d at 825.

4

Plaintiff seeks money damages and injunctive relief against Defendants. (Doc. 1 at 14.) To the extent Plaintiff's § 1983 claims are brought against Defendants in their official capacities, the claims are not cognizable insofar as they request money damages. The Court will grant Plaintiff leave to amend his complaint to attempt to state claims under § 1983 against the named individual defendants in their personal capacities. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Liability in a personal-capacity suit can be demonstrated by showing that the official, acting under color of state law, caused the deprivation of a federal right. *See id.* at 166.

Plaintiff also alleges in the first claim for relief that Defendants "maliciously prosecuted" him, but brings the claim as a First Amendment retaliation claim as opposed to a malicious prosecution claim. (*See* Doc. 1 at 7, 11.) The Court will also allow Plaintiff to amend his complaint to clarify whether he is alleging a malicious prosecution claim. To the extent Plaintiff wishes to allege a malicious prosecution claim under § 1983 against the individual defendants in their personal capacities, he must plead tortious conduct by the defendant under the elements of a state law malicious prosecution claim, as well as allege that the defendants acted under color of state law for the purpose of denying him equal protection or another a specific constitutional right. *Poppell v. City of San Diego*, 149 F.3d 951, 961 (9th Cir. 1998); *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) ("In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right."); *Usher v. City of L.A.*, 828 F.2d 556, 562 (9th Cir. 1987) (a malicious prosecution claim is not generally cognizable federally if the state judicial system provides a remedy, but "an exception exists to the general rule when a malicious prosecution is conducted

5

with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights"). In addition, to prevail on a malicious prosecution claim under § 1983, Plaintiff must establish that the prior proceedings terminated in such a manner as to indicate his innocence, *and that charges were not withdrawn on the basis of a compromise among the parties*. *Awabdy*, 368 F. 3d at 1068 (emphasis added). *See also Sanders v. Matthew*, No. 15-CV-395 LJO-EPG, 2016 WL 7210115, at *4 (E.D. Cal. Dec. 12, 2016) (dismissing the plaintiff's malicious prosecution claim where the plaintiff pleaded *nolo contendere* to a misdemeanor charge, resulting in a felony charge being dismissed, because the allegations showed that the proceedings had not "terminated in such a manner as to indicate his innocence.").

Finally, Plaintiff is advised that state prosecutors are entitled to absolute prosecutorial immunity from claims under § 1983 when they are acting pursuant to their official role as advocate for the state performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Courts have held that the filing of a criminal complaint in state court is an activity protected by absolute prosecutorial immunity. *See, e.g., Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013) (upholding district court's finding on summary judgment that the decision to file a criminal complaint against the defendant in state court was protected by absolute prosecutorial immunity.); *Geiche v. City & Cty. of San Francisco*, No. C 08–3233 JL, 2009 WL 1948830, at *4 (N.D. Cal. July 2, 2009) ("Here, named defendant Steger is alleged to have done (and in fact did) nothing more than sign the charging instrument against Plaintiff. Filing the criminal complaint was an essential part of instigating the criminal prosecution and such conduct is entitled to absolute immunity.") (citing *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 679 (9th Cir.1984); *Freeman on Behalf of the Sanctuary v. Hittle*, 708 F.2d 442, 443 (9th Cir. 1983)).

6

### D. Plaintiff May File an Amended Complaint

Plaintiff's complaint fails to state cognizable claims under 42 U.S.C. § 1983 against Defendants. However, "Rule 15(a) [of the Federal Rules of Civil Procedure] is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting former version of Fed. R. Civ. P. 15(a)). *See also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). As Plaintiff is proceeding pro se, he shall be given an opportunity to amend his claims to cure the identified deficiencies to the extent he can do so in good faith.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Plaintiff is advised that an amended complaint supersedes the original complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." E.D. Cal. L.R. 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice and without leave to amend.

**III. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. 2) is GRANTED;

**2. The Director of the California Department of Corrections and Rehabilitation or his designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account, and shall forward those payments to the Clerk of Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of Court. The payments shall be clearly identified by the name and number assigned to this action.**

3. The Clerk of Court is directed to serve a copy of this order and a copy of Plaintiff's in forma pauperis application on the Director of the California Department of Corrections and Rehabilitation, via the court's electronic case filing system (CM/ECF).

4. The Clerk of Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California.

5. Plaintiff is granted leave to file a first amended complaint.

6. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint or a notice of voluntary dismissal.

**7. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated: **December 9, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

8